Rueein, Judge
 

 The demurrer rests on two positions: the first is, that an administrator makes payments beyond the personal assets at his own risk, and cannot found a claim against the heir upon such over payments under any circumstances: the second, that if he can recover back the money at all, He
 
 has
 
 a
 
 remedy
 
 at law.
 

 The bill is founded on a plain principle of natural justice. It is, t ait the defendants are bound in conscience to pay the p3aii.it.jfta the mo,¡ay. which their testator paid in discharge of the defendants’ debts. In
 
 this
 
 stage of the case, we must take the debts thus paid off to be true ones, and that
 
 Isaac Williams
 
 really paid tin
 
 *71
 
 sum of'& 3649
 
 27
 
 over and above the assets which came to his hands ; and that his executors have received of that only the sum of
 
 $2667
 
 34 from the administrator
 
 de bonis non ;
 
 and that the personal estate is exhausted, if the personal assets had been sufficient, there can be no doubt of the right of the administrator to be. reimbursed out of it, for any payments made by him. His executors might retain the specific effects, until there testator’s demand should be liquidated; or in this court his accounts would be settled, and a satisfaction decreed out of the personal assets, upon a. bill against the administrator
 
 de bonis non.
 
 If the personal estate be fully administered, the same equity exists against the heir. The payment by the administrator was not officious; It is not the act of a stranger, who. endeavors to make one his debtor by payments on his account, against his will and without his request. If indeed, the administrator had known the personal estate was insolvent, and voluntarily paid debts beyond it, that might be taken to bo with a view of intermeddling with tilings that did not concern him, and place him on the footing of ail officious stranger. He would not be permitted by an act of mere unauthorized forwardness, beyond his known obligations and duty, to make himself the creditor of the heir, and draw into this jurisdiction a question purely legal — debt or no debt. Eut the bill states here the embarrassments of the estate, its large but uncertain amount, and that the payments were made by the administrator from the best motive, namely to save costs, and promote the interest of the defendants^ who were his nephews and nieces.. I think a demand thus arising cannotbsithefeltby every body to be just, and entitled to satisfaction in some court.
 

 But an administrator, knowing the personal estate to be insolvent, had made such payment, with an intent to make the heir Ws debt- or, and withdraw the question of fully administered from the proper forum, he would be entitled to no relief.
 

 Then as to the jurisdiction of this court: It is denied, because there is a remedy at law. It is said that the question of
 
 debt
 
 or not, is one oflaw.
 
 True;
 
 but for many debts which the law recognizes, a remedy may be sought in equity. Thus debt by simple contract to the executor himself may he enforced here, and a discovery had of the real estate. In truth, however, the demand of these plaintiffs is not a debt for which an action would lie at
 
 *72
 
 law, either against the heir or administrator
 
 de bonis nou’,
 
 or at any rate, it is a very doubtful right. It is for money paid by the first administrator himself. Can that be said to be a debtjfWnii
 
 the intestate
 
 to the administrator, for which an action at law can be sustained a-gáinst the heir or administrator de
 
 bonis non,
 
 as such ? Í suppose not, because it had its origin since the death of the intestate. It is only a debt in this court, upon its principle of substitution ; which places the administrator here, as the law does an assignee of the debt. No injury can arise'to the heir, but Father a benefit by the jurisdiction. The pei’sonal estate is still the primary fund, and hence the administrator
 
 de bonis non
 
 is a necessary party, and the heir is at full liberty to show assets in the hands of either the first or last administrator. The debt is fixed conclusively by a judgment at law against the administrator, unless the heir can show collusion. But here he is at liberty to contest the debt himself, with the aid of the administrator.
 

 But even if thci’e was a remedy at law, it must involve an account of the whole administration by the first, administrator ; and that
 
 per se
 
 is a proper ground of jurisdiction in equity, concurrently with a court of law.
 

 Per Curiam. — Declare, that the plaintiffs have the light in this court to be substituted in the place of those creditors of the intestate, whose debts the testator of the plaintiff paid in good faith, so far as those debts exceeded the personal assets of the intestate, which came to the hands. of the plaintiff or their testator : Declare further, that such right of substitution exists against the present personal representative of the intestate,and against his heirs, after the personal estate shall have been exhausted
 
 ;
 
 and reverse the decree of the court below, with costs against the appellees, and remand the cause.