Gaston, Judge.
 

 There is no contest between the plaintiffs and the defendant Dunn, as to the money of the plaintiffs not paid over, and for this sum, they will of course, have a decree against him.
 

 The claim of the plaintiffs to be substituted to the creditors, whose demands they have satisfied, is supported, we think, by well settled principles. By the laws of this state, real as well as personal property, is liable for debts of every description; but personal property is the primary fund, for their satisfaction. It is alleged, that the personal assets were insufficient for the discharge of all the debts. Whether this be the fact or not, can only be ascertained by taking an account of the assets, and of the administration of them. If in taking the accounts, the fact should be established as alleged, then it follows from the doctrine, sanctioned in the cases of
 
 Williams
 
 v.
 
 Williams,
 
 2 Dev. Eq. Reps. 69, and
 
 Saunders
 
 v.
 
 Saunders,
 
 Ibid. 262, that the defendant, Dunn, would have a right in a court of equity, to be subrogated to those creditors who have been paid by his advances. As between Dunn and the plaintiffs, if their money were yet in his hands, he could not retain it with a safe conscience, and would be obliged to refund it. And it seems to us clear, that if he could rightfully reclaim it from his co-defendants, he might be compelled to assert this right, or permit the plaintiffs to assert it in his name, in order that it might be refunded. The court would do this upon the same principle by which the surety on making satisfaction to the creditor, becomes entitled to demand every means of enforcing payment which the creditor himself had against the principal debtor; a principle which when traced to its origin, is founded on the plain obligations of humanity, which bind every one to furnish to another those aids to escape from
 
 *428
 
 loss which he can part with without injury to himself. (Home’s Princl. of Equity, 84.) As all the parties are before the court, complete justice may be done by deciding direct relief to the plaintiffs. The objections urged in this case, are not, in our opinion, sufficient to repel the claim here advanced. There can be no relief at law, as to the money paid over, either against Dunn or the devisees. Not against him, for it has been applied in conformity to his agreement with the plaintiffs; not against the devisees, for between' the plaintiffs and them, there has been no contract. The doctrine of substitution which prevails in equity, is not founded on contract, but as we have seen, on the principles of natural justice. Unquestionably the devisees are not to be injured by the mistake of the executor, as to the extent of his power over their land; but that mistake should not give them unfair gains. The executor was not an officious intermeddler in paying off the debts of his testator; and his erroneous belief that he could indemnify himself in a particular way, should not bar him from obtaining indemnity by legitimate means. It is not a question here, whether a mistake of law shall confer any rights, but whether such mistake shall be visited with a forfeiture of rights, wholly independent of that mistake.
 

 It is immaterial to the devisees, whether the price at which the land was sold, was a fair and full price or not; for that sale is not sought to be established. It is also unimportant for any purposes now under consideration, to inquire wherefore the land was surrendered on payment of a sum less than its amount;
 
 for
 
 certainly no relief will be granted, except in respect to the sum actually paid. When the disposition of the costs shall come before the court, then this circumstance, and others of a like kind, will receive the consideration to which they may be entitled. The court therefore declares, that the plaintiffs may have the accounts taken as prayed for; and reserves the further consideration of the case, until the coming in of the commissioners’ report.
 

 Per Cüriam. Decree accordingly.