PeaksoN, J.
 

 We are entirely satisfied that it was the intention of the parties
 
 to convey
 
 a fee simple estate by the deed from Kendrick to James Dinkins, and that the word “ heirs ” was omitted by ignorance or mistake on 'the part of the draftsman. Besides the stipulation that, upon the payment of the $1200, Dinkins is to reconvey to Kendrick and
 
 his heirs,
 
 and the covenant of warranty by Kendrick and
 
 his heirs
 
 to Dinkins and
 
 his hews
 
 and assigns, the obj ect of the deed, and the purpose for which it was made, speak for themselves and show that Dinkins was to have the fee simple, with the power to sell and raise the money in the event of default on
 
 *99
 
 tbe part of Kendrick. If tbis was tbe only difficulty in tbe way of tbe plaintiffs, they would have a clear equity for tbe conveyance and perpetual injunction as prayed for, under a familiar doctrine of tbis Court.
 

 But tbe sale of Robert Dinkins was not made by James Dinkins, tbe trustee, but by Lewis Dinkins, bis executor, who bad no power to sell, and, of course, Robert Dinkins acquired no title to tbe land. To mend tbis difficulty, tbe plaintiffs must have recourse to another well established doctrine of tbis Court, namely, that of “ substitution.” According to tbis doctrine, tbe plaintiffs are not entitled to
 
 the
 
 land, but have an equity to be substituted to tbe place of the creditors of Kendrick, whose debts were paid with the money received from Lewis Dinkins, arising from the sale of tbe land. That money discharged debts for which tbe land was liable, and as tbe defendants take tbe land, of course they take it subject to the repayment of tbe money, by means of which tbe land was exonerated.
 
 Scott
 
 v.
 
 Dunn,
 
 1 Dev. and Bat. Eq. 425, is in point as to the application of tbe principle, and also as to tbe mode of redress. There it is said, “ Tbe doctrine of substitution is not founded on contract, but on tbe principle of natural justice; unquestionably the devisees cannot be injured by tbe mistake of the executor as to tbe extent of bis power over tbe land, but that mistake should not give them
 
 wnfaw gawnsP
 

 In our case, supposing the mistake in reference to the omission of the word “heirs” tobe corrected, a resulting trust would have descended to tbe defendant Margaret, as heir of Kendrick, subject to the payment of tbe debt secured by tbe deed, and also to tbe other debts of Kendrick, which bis personal estate was not sufficient to satisfy. As to the debt seemed by the deed, tbe plaintiffs’ right to substitution is unquestionable ; but in regard to tbe balance of tbe purchase-money paid by Robert Dinkins to Lewis Dinkins, and by tbe latter paid over to- Eox, the administrator of Kendrick, tbe right of substitution will depend upon the fact whether that fund was liable for the payment of tbe other debts of Ken
 
 *100
 
 drick, and that will depend upon the sufficiency of
 
 the
 
 personal assets.
 

 These facts can be ascertained by a reference, and there will be a decree for the sale of the land unless the defendants elect to pay said amount, with interest from the time of the sale, after deducting the rents and profits of the land. In other words, the land must stand as a security for the debts from which it has been exonorated, and thus, “ while the
 
 defendants a/re not injured
 
 by the mistake of the executor as to the extent of his powers, that mistake will not be made use of
 
 to give them, unfair gams.”
 

 There must be a reference for an account, and the cause is retained for further directions.
 

 Pee CueiaM. Decree accordingly.