J. H. SMITH v. S. BYNUM.

*Mortgage—Satisfaction of.*

If a mortgagee has a settlement with a mortgagor and takes a new note for the balance due, with a new mortgage to secure it on the same property, and after the execution of the first, but before the execution of the second mortgage, the mortgagor sells and delivers the property mortgaged; *Held,* that by the settlement and the taking of the new note and mortgage, the prior mortgage was discharged, and the purchaser got a good title.

This was an action of claim and delivery of a mule, tried before *MacRae, J.,* and a jury, at July Special Term, 1884, of GREENE Superior Court.

The plaintiff offered in evidence a mortgage executed by Ketter Vines and Frank Vines to King & Smith, recorded in March, 1881; a mortgage from same parties to J. H. Smith, plaintiff, executed and registered in January, 1882, and a mortgage from same parties to J. H. Smith dated January 8th, 1883, and registered February 22nd, 1883. J. H. Smith, plaintiff, testified that defendant had the mule described in the three deeds in his possession at the commencement of this action; that plaintiff is successor and assignee of King & Smith; that the mortgages have never been settled.

Cross-examined, plaintiff further testified that he had a settlement with the mortgagors at the end of the year 1881, and the amount found to be due plaintiff was $243.10; plaintiff then took a new mortgage to himself for the amount due upon the former mortgage, and undertook to make further advances to the mortgagors to the amount of $50, and at the end of 1882 had another settlement, when it was ascertained that the mortgagors were still indebted to him in the sum of $243.53, and thereupon plaintiff took another mortgage for this amount and to secure further advances. At the time the last mortgage was executed, plaintiff does not know whether the mule described therein was in the possession of the mortgagors or not. In February or

March, 1883, the mule was in possession of one Dunn. Dunn said he got it from Frank Vines. Plaintiff found mule in possession of defendant and brought this action.

Testimony was also introduced as to the value of the mule.

William Dunn, for the defendant, testified that he got the mule from Frank Vines in December, 1882, without notice of any mortgage, and traded it to defendant:

The presiding judge charged the jury that the first and second mortgages were satisfied by the annual settlements and giving of new mortgages, and that if they found that the mule described in the last mortgage, which was admitted to be the same as that described in the first and second, had been disposed of by the mortgagors before the last mortgage was made and executed, and was not in their possession at the time the last mortgage was made, the plaintiff was not entitled to recover. Plaintiff excepted.

Verdict for defendant. Rule for new trial. Rule discharged. Judgment for defendant, and plaintiff appealed to the Supreme Court.

*Mr. W. C. Monroe,* for plaintiff.
No counsel for defendant.

ASHE, J. (after stating the facts). The plaintiff claimed the mule in controversy by virtue of several mortgages executed by Ketter Vines and Frank Vines. The first, a mortgage recorded in March, 1881, to King & Smith, to which the plaintiff succeeded as their assignee. On the 9th of January, 1882, the plaintiff settled the first mortgage by taking a new note for two hundred and forty-three $\frac{10}{100}$ dollars payable to himself, and due on the first of November, 1882, to secure which he took from the Vines a second mortgage bearing even date with the note, which was recorded on the 10th day of January, 1882, and on the 8th day of January, 1883, he came to a settlement with the mortgagors upon the last mortgage, and received from them a new note for two hundred and forty-two $\frac{53}{100}$ dollars payable like

the last, due the first of November, 1883, to secure which he pro-cured from the Vines the third mortgage bearing the same date with the note, and recorded on the 21st day of February, 1883.

The defendant claimed the mule by purchase from one Dunn, who was introduced by him as a witness and testified that he got the mule from Frank Vines in December, 1882, without notice of any mortgage, and traded it to the defendant.

There was no error in the instructions given by His Honor to the jury. If the plaintiff had not come to a settlement with the mortgagor on the mortgage of the 9th day of January, 1882, and taken a new note with another mortgage to secure it, his lien under that mortgage would have continued and he would have had the right to recover in the action, but by his settlement and taking a new note in settlement, with a mortgage to secure it, the mortgage of the 9th day of January, 1882, was discharged, became extinct and the plaintiff lost his lien under it, and the defendant having purchased the mule prior to the date of the last mortgage, acquired a good title. The judgment of the Superior Court is therefore affirmed.

No error.                                         Affirmed.