Z. Z. GRANTHAM v. R. A. NUNN, TRUSTEE, C. K. TAYLOR, MRS. MARY M. BRYAN, AND T. M. HOLTON.

(Filed 12 March, 1924.)

**1. Equity—Mortgages—Subrogation.**

A stranger to a mortgage who has paid off the mortgage debt under an agreement with the mortgagee that he is to be substituted to the rights of the latter, is not a mere volunteer who will be denied the equitable right of conventional subrogation to the rights of the mortgage creditor, and he is entitled to be subrogated to the mortgagee's rights, and to enforce the mortgage against subsequent parties in interest.

**2. Same—Assumption of Mortgage Debt.**

One who purchases from the mortgagor his equity of redemption under an agreement that he will assume and pay the mortgage debt, becomes personally liable for the debt he has thus assumed.

**3. Same—Registration—Notice.**

A purchaser at the foreclosure sale under a second mortgage takes with implied notice of the indebtedness secured by the prior registered mortgage, and where one or several of the notes therein secured has been paid by one who is entitled to subrogation to the first mortgagee's rights, and none of the parties in interest have appealed from a judgment in the purchaser's suit denying this right, there is no equity existing in appellant's favor, the other parties being presumed to have acquiesced therein, and the judgment will not be disturbed.

**4. Same—Subrogation Pro Tanto.**

Where a mortgage on lands secures several notes maturing at different dates, and one or several of them have been paid by a stranger under agreement with the mortgagee whereunder he is entitled to subrogation *pro tanto* to his rights, the purchaser at foreclosure sale under a second mortgage, claiming only under the mortgagor's equity, cannot successfully rely upon the equitable principle that the subrogation will not apply unless the other notes secured by the first mortgage has been paid in full.

APPEAL by plaintiff from *Daniels, J.,* at January Term, 1924, of CRAVEN.

Application for mandatory injunction to compel the cancellation of a deed of trust upon the following facts:

1. Judge Henry R. Bryan and wife, Mrs. Mary N. Bryan, and Shepard C. Bryan, trustee, conveyed the tract of land described in the complaint to L. T. Grantham on 8 April, 1918.

2. L. T. Grantham executed his purchase-money deed of trust to R. A. Nunn, trustee, for $5,900, securing 11 notes of $500 each and one note of $400, payable on 1 March, in the years 1919 and 1929, both inclusive.

3. L. T. Grantham conveyed the land to Charles K. Taylor on 4 December, 1918, and as a part of the purchase price Charles K. Taylor assumed the payment of the notes made to Mrs. Mary N. Bryan, wife of Judge Henry R. Bryan, and agreed to pay the same upon their maturity, and executed a second deed of trust securing $6,545.50, payable to L. T. Grantham.

4. Mrs. Mary N. Bryan transferred the first three notes of said L. T. Grantham to Shepard C. Bryan, Esq., by endorsement.

5. L. T. Grantham transferred the notes of Charles K. Taylor, aggregating $6,545.50, to Dr. Earl S. Sloan.

6. Charles K. Taylor paid the first $500 note payable to Mrs. Mary N. Bryan and by her transferred to Shepard C. Bryan, and by him sent to the National Bank of New Bern for collection on 15 March, 1919; and the second of said notes endorsed by the said Mrs. Mary N. Bryan to the said Shepard C. Bryan, and by him sent to the National Bank of New Bern for collection on 15 March, 1920.

7. On 15 March, 1919, Chas. K. Taylor had on deposit in the New Bern Banking and Trust Company $743.19, and on the 17th day of that month an item of $500 was debited against the said account.

8. On 15 March, 1920, Chas. K. Taylor had on deposit in the New Bern Banking and Trust Company $1,492.82, and on the 17th day of that month his account was debited with $530-odd dollars.

9. T. W. Holton loaned to Chas. K. Taylor on 15 March, 1919, the sum of $500 in cash with which to pay the first note of the series herein first above mentioned; that said loan was made at the express request and solicitation of the said Chas. K. Taylor and of the said L. T. Grantham, original maker of these notes.

10. On 15 March, 1920, T. W. Holton loaned to Chas. K. Taylor $530-odd dollars with which to pay the second note of the said series then matured, and such loan was made at the express request of the said Charles K. Taylor and the said L. T. Grantham, the original maker of the notes.

11. The said two notes were paid by Chas. K. Taylor on 15 March, 1919 and 1920, respectively, to the National Bank of New Bern, said notes being in form and being endorsed as appears from the exhibit attached to the complaint.

12. After said notes were paid the endorsement thereon appearing, to wit, "Paid by T. W. Holton, Chas. K. Taylor; witness, C. R. Ryman," was made for the purpose of transferring said notes to the said T. W. Holton to secure him for the amount of the money loaned.

13. The second deed of trust hereinbefore named, made by Taylor to secure the purchase-money to Grantham over and above the amount due Mrs. Mary N. Bryan, was foreclosed under the power of sale and the lands bought by Z. Z. Grantham, and by him conveyed as follows: A part to one Baker with a second mortgage to Dr. Earl S. Sloan on the remainder of the land, in lieu of the $6,545.50 of notes of L. T. Grantham, secured by his two mortgages which Dr. Earl S. Sloan had held.

14. T. W. Holton had no interest in the land on 15 March, 1919, or on 15 March, 1920, but made the advancements or loans as a volunteer at the instance of Chas. K. Taylor and L. T. Grantham; and that such advancements have never been repaid to the said T. W. Holton, and that the said T. W. Holton is holding the above-named notes as per copy attached to the complaint.

15. The said T. W. Holton notified the trustee, R. A. Nunn, of his having paid the notes and of his holding the notes with the consent of said Grantham, and by the request of the said Taylor requested the said trustee, R. A. Nunn, to sell the said land or, failing to sell the said land, to figure out the interest and principal, so that he might take up the indebtedness, which he agreed to do.

16. A part of the original tract of land covered by this deed of trust has been sold by Z. Z. Grantham; Grantham never demanded of the said Holton the two said notes, but did offer to trade the said Holton land for the same; since the maturity of the two said notes the trustee,

R. A. Nunn, has had knowledge of all this transaction between the parties; but neither the said trustee, Mrs. Mary N. Bryan, Shepard C. Bryan, the National Bank, D. S. Sloan, nor Baker consented to the transfer or the taking up of the note by Holton; R. A. Nunn, trustee, is the agent and attorney for the said Mrs. Mary N. Bryan.

His Honor gave judgment denying the relief demanded, and the plaintiff appealed.

*Guion & Guion for plaintiff.*
*H. P. Whitehurst and T. D. Warren for T. W. Holton, appellee.*

ADAMS, J. While the plaintiff seeks by mandatory injunction to compel the cancellation of the deed of trust to R. A. Nunn upon payment of all the notes made to Mrs. Bryan, except the two that were sent to the National Bank of New Bern, the defendant Holton, as we understand, demands either a sale of the land for the payment of the two notes held by him or an opportunity by taking up the remaining notes to be subrogated to the rights of Mrs. Bryan. It will be noted, therefore, that the controversy presents the question whether Holton is entitled to subrogation *pro tanto,* that is, to the amount of the notes which he claims to have paid.

Primarily subrogation, or substitution, is a doctrine of equitable jurisprudence. It is a change by which another person is put into the place of a creditor so that the creditor's rights and securities pass to him, or a legal fiction by force of which an obligation extinguished by the payment of a third party is treated as still subsisting for his benefit, on the ground that such party is entitled to the rights of the creditor whom he succeeds. Subrogation is either legal or conventional, the former arising by operation of law and the latter depending upon a lawful contract. Conventional subrogation occurs where one who has no interest in the subject-matter pays the debt of another, and by agreement becomes entitled to the rights and the securities of the creditor. If a mere stranger or volunteer pay the debt of another without any assignment or agreement for subrogation, when he is neither under legal obligation to make the payment nor under compulsion to do so for the preservation of his rights or property, he is not entitled to subrogation; but a different principle prevails if a person advance money to pay a mortgage debt under an agreement with the owner of the equity that he shall hold the mortgage as security for his advance. In the latter case if the mortgage, instead of being assigned to him, is discharged in whole or in part, he is yet entitled as against subsequent parties in interest to be subrogated to the rights of the mortgagee and

to enforce the mortgage. Sheldon's Law of Subrogation, secs. 1, 2, 19, 240; Story's Eq. Juris. (13 ed.), secs. 493 and note and 500; Bispham on Equity, 454.

In *Publishing Co. v. Barber,* 165 N. C., 478, 486, the doctrine is expressly approved, *Mr. Justice Walker* saying: "It has been held that though a mere volunteer cannot, by paying off a mortgage, acquire an equitable lien or any right of subrogation, yet if he advances the money to redeem or pay off a mortgage at the request of one who is interested or bound to discharge it, he may be protected against such person by subrogation." And in *Bank v. Bank,* 158 N. C., 239, 244, it is said: "The authorities are entirely agreed that where a person advances money to pay off a mortgage debt under an agreement with the owner of the equity of redemption or his representative that he shall hold the mortgage as security for his advance, but the mortgage, instead of being assigned to him, is discharged in whole or in part, he is yet entitled as against subsequent parties in interest to be subrogated to the rights of the mortgagee and to enforce the mortgage." It is also held that an agreement by the purchaser of an equity of redemption with his vendor that he will assume and pay the mortgage debt will render him personally liable. *Kennedy v. Trust Co.,* 180 N. C., 225; *Caldwell v. Robinson,* 179 N. C., 518, 524; *Brown v. Harding,* 171 N. C., 686, 691; *Perry v. Adams,* 98 N. C., 167; *Springs v. Harven,* 56 N. C., 96; *Scott v. Dunn,* 21 N. C., 425 *Williams v. Williams,* 17 N. C., 69; *Oil Co. v. Cotton Co.,* 46 L. R. A. (N. S.), 1049; 27 A. &. E., 247; 27 R. C. L., 1339, sec. 23.

It is, no doubt, in recognition of these principles that the plaintiff concedes Holton's right to subrogation as against Taylor; but, conceding this, he contends that Holton has no such right as against Mrs. Bryan or any other person holding notes secured by Taylor's mortgage or Grantham's deed of trust.

In considering this proposition we must remember that L. T. Grantham, Sloan, and Baker are not parties to the action, and that the plaintiff is the only party who excepts to his Honor's ruling. Holton asks that it be sustained; and, in the absence of an exception, we may assume that neither of the other defendants cares to have the judgment disturbed, and if this be true, we may adjust the controversy by determining the relative and respective rights of the parties chiefly interested in the result. This indicates, of course, that we are primarily concerned with the rights of the plaintiff; for if he is not prejudiced by the judgment, he has no valid reason for assailing it, and we are at a loss to know how he may be prejudiced unless he has acquired rights which a court of equity ought to protect. Has he acquired such rights? He succeeded to Taylor's title in the land by a mortgagee's deed, executed

GRANTHAM *v.* NUNN.

3 March, 1923. About three years before this deed was made, Holton, at the request of Taylor and L. T. Grantham, paid the second of the two $500 notes, on each of which were written the words "Paid by T. W. Holton," in order to transfer the notes and secure the amount he had advanced. Taylor was bound by this agreement; the plaintiff acquired Taylor's title after Holton had received the two notes; the deed of trust securing the notes delivered to Mrs. Bryan was duly registered, and the plaintiff, after making his purchase, recognized the validity of the two notes in question by offering to convey to Holton a tract of land in payment. So the plaintiff, a subsequent party in interest, held the land, in like manner with Taylor, subject to Holton's equities. Particularly has he no ground of complaint, in view of the fact that the registered deed of trust was constructive notice of the entire indebtedness thereby secured. *Bank v. Bank, supra,* 251.

The plaintiff insists, however, that Holton, upon his own showing, holds only two of the notes executed to Mrs. Bryan, and that, as the remaining notes are outstanding, Holton is not entitled to subrogation *pro tanto.* It is true, as a general rule, that a person is not entitled to be subrogated to the creditor's securities unless the debt has been paid in full. The reason is, that if a surety who has made a partial payment is subrogated *pro tanto,* he will occupy a position of equality with the holder of the unpaid part of the debt; and if the property be insufficient to pay the remainder of the debt for which the surety is bound, the loss will fall proportionately upon the creditor and the surety. But this doctrine, it is said, has in every instance been invoked for the protection of the creditor, and never to defeat contract obligations in the interest of the debtor alone. *Shinkle v. Huffman,* 71 N. W. (Neb.), 1004. When the right of subrogation is the result of an express agreement, a partial payment may effect a *pro tanto* subrogation of the creditor's securities, particularly when the indebtedness is payable in installments and the evidences of the debt are notes maturing at different dates. 25 R. C. L., 13, 18, sec. 6; *Am. Bonding Co. v. Bank,* 99 A. S. R., 483, note; 27 A. & E. (2 ed.), 205; 6 Am. Cas., 205, note. The mortgagors agreed that Holton should hold his two notes as security, and if a similar agreement is necessary on the part of Mrs. Bryan, her acquiescence in his Honor's judgment is tantamount to consent. *Loeb v. Fleming,* 15 Ill. App., 503; *Strickman v. Roose,* 46 N. E., 680.

Finding no error, we affirm the judgment.

Affirmed.