N. E. SALEEBY v. C. M. BROWN AND WIFE, HELEN D. BROWN, AND STEPHEN C. BRAGAW, TRUSTEE, BANK OF WASHINGTON, INTERPLEADER; SAVINGS & TRUST COMPANY, INTERPLEADER; W. GRAY WILLIS, INTERPLEADER.

(Filed 23 September, 1925.)

1. **Mortgages — Registration — Payment—Cancellation—Resuscitation— Liens.**

Where the mortgagor has paid a registered mortgage, and the mortgage has been marked "Paid and satisfied," and the mortgagor acknowledges that the note has been "canceled and destroyed" the mortgagor by endorsement thereon or otherwise cannot resuscitate the same in favor of another who has loaned him money, or use the same as collateral therefor, and make it prior in lien to judgment creditors.

**2. Courts—Pleadings—Amendments—Appeal and Error.**

> A motion to amend pleadings is addressed to the sound discretion of
> the trial judge, and his refusal therefor is not reviewable on appeal.

APPEAL by plaintiff from *Cranmer, J.,* and a jury, at February Term,
1925, of BEAUFORT.

This is a civil action brought by plaintiff against the defendants to
recover certain funds in the hands of Stephen C. Bragaw, trustee, also
a defendant. Facts material for decision of the case:

(1) On or about 24 June, 1919, the defendants, C. M. Brown and
wife, Helen D. Brown, executed a note for $12,500, secured by mortgage
on certain land to the Washington Building & Loan Association. Mort-
gage recorded in register of deeds office for Beaufort County, Book
227, p. 538.

(2) On or about 15 May, 1920, the same parties executed notes for
$15,000 secured by deed in trust to Stephen C. Bragaw, trustee on the
same property described in the Building & Loan mortgage. This deed
in trust was recorded in the register of deeds office for Beaufort County,
Book 223, p. 548. This deed in trust, although of later date, was recorded
prior to the Building & Loan mortgage and constituted a first lien
on the property.

The plaintiff alleges that he "is the owner and holder of the mortgage
from the defendants, C. M. Brown and wife, Helen D. Brown, to the
Washington Building & Loan Association, and holds the same as security
for the sum of $5,000, evidenced by two notes of the said C. M.
Brown, one in the sum of $3,000, with interest from 23 June, 1922,
and the other in the sum of $2,000, bearing interest at six per cent,
from 12 July, 1922; said mortgage having been duly assigned to the
plaintiff as security for said indebtedness and the said mortgage is a
lien upon the property described in the same subject only to the deed
of trust to Stephen C. Bragaw, trustee."

The defendants, Bank of Washington, Savings & Trust Co., and
W. Gray Willis, are interveners. The Bank of Washington says that
it "is now the owner and holder of the notes secured by deed in trust"
to Stephen C. Bragaw, and all the interveners, in substance, allege and
aver "that the true facts in connection with the mortgage or paper-
writing recorded in Book 227, page 538, are that on or about 24 June,
1919, C. M. Brown and wife, Helen D. Brown, borrowed from the
Washington Building & Loan Association a sum of money not ex-
ceeding $12,500, being the indebtedness recited in the said paper-
writing, recorded in Book 227, page 538; that the said paper-writing
or mortgage was not filed for record until 27 January, 1921; that on
or about 13 December, 1921, the defendants, C. M. Brown and wife,

Helen Brown, executed a mortgage to the Washington Building & Loan Association on that lot, tract or parcel of land situate on the south side of Main Street in the city of Washington, and being bounded on the east by F. C. Kugler and wife, and on the west by B. L. Susman, which mortgage or deed of trust secured the sum of $12,500, and which is of record in the office of the register of deeds of Beaufort County in Book 233, page 268; that the said mortgage was filed for record on 20 December, 1921; that the said mortgage or deed of trust was by agreement between the said Washington Building & Loan Association and the said C. M. Brown and wife, Helen D. Brown, executed by the said Brown and received by the said Washington Building & Loan Association in satisfaction and payment of the indebtedness due by the said Brown and wife to the Building & Loan Association and secured by the paper-writing recorded in Book 227, page 538, and that upon the execution and delivery and recordation of the said mortgage from Brown and wife to the Washington Building & Loan Association, dated 13 December, 1921 and recorded on 20 December, 1921, in Book 233, page 268, the said Washington Building & Loan Association paid, marked paid and discharged or satisfied and discharged, the note and mortgage given by the said Brown and wife to the Washington Building & Loan Association on or about 24 June, 1919, and recorded in Book 227, page 538; and that by agreement between the parties thereto the indebtedness secured by the said mortgage or paper-writing was fully paid and discharged by the execution of the mortgage and note, dated on or about 13 December, 1921; that, as it is advised, believe and so, alleges, after said mortgage and note from Brown and wife to the Building & Loan Association, dated 24 June, 1919, had been marked paid and canceled by the said Building & Loan Association, and after the rendition and docketing of the judgment hereinafter referred to, or some of them, the said C. M. Brown delivered to the said N. E. Saleeby the canceled and paid note and mortgage given by the said Brown and wife to Washington Building & Loan Association on or about 24 June, 1919."

The Bank of Washington also sets up ownership to numerous judgments assigned to it against C. M. Brown, duly docketed in the office of the clerk of the Superior Court of Beaufort County.

Savings & Trust Co. sets up ownership to a judgment against C. M. Brown duly docketed, etc.

W. Gray Willis sets up ownership to a judgment against C. M. Brown, duly docketed, etc.

Stephen C. Bragaw, trustee, sold the property under the trust deed and it brought $27,000 and all the money has been distributed according

to priorities of liens except $6,200 to be held by him until the final determination of this action and another smaller sum for the determination of another action.

The interveners pray that the funds from the sale of the property in the hands of Stephen C. Bragaw, trustee, be declared prior liens to any claim or lien of the plaintiff, N. E. Saleeby.

The plaintiff, in answer to the Bank of Washington, intervener, says: "That at the time, the said mortgagors, after substituting said other mortgage intended to reserve the lien of the original mortgage and to keep same alive. That this plaintiff is a native of Assyria and was unable, at the time he became the owner of the mortgage referred to in the complaint, to read and write the English language. That for several years prior to 20 December, 1921, this plaintiff and the said C. M. Brown had been friends, and this plaintiff had had and reposed great confidence in the said C. M. Brown. That at the time of exchanging said mortgages the said C. M. Brown requested this plaintiff to make him a loan thereon of $5,000, and stated to this plaintiff that the said mortgage was a valid and subsisting lien; that the same was not in anyway discharged upon the records of Beaufort County or elsewhere, and that the same constituted a first and paramount lien upon the property therein described, and plaintiff, believing and relying upon said statements of said C. M. Brown, and being well acquainted with the property therein described, loaned the said C. M. Brown the sum of $5,000 in cash, and the said C. M. Brown transferred in writing the said mortgage to the plaintiff as security for said debt. That at the time of said transaction the said C. M. Brown was the owner in fee simple of the property described in the said mortgage and none of the judgments held by the Bank of Washington, referred to in their interplea, had been rendered and the indebtedness thereby represented had not been incurred by the said C. M. Brown."

In the trial of the cause, the following was in evidence:

C. M. Brown, on cross-examination, said: "The mortgage was given by me on 24 June, 1919, and I borrowed from the Building & Loan Association at that time $12,500. Subsequently to that time the Building & Loan Association stated to me that they wanted another and first mortgage to secure their indebtedness and in response to their demand, Mrs. Brown and I executed another mortgage dated 13 December, 1921, for $12,500, recorded in Book 233, page 268, and when the mortgage of 13 December, 1921, had been given and recorded, Mr. Webb returned to me the mortgage of 24 June, 1919. Mr. Webb is secretary of the Building & Loan Association. I know his handwriting. He wrote on the mortgage of 24 June, 1919, paid and satisfied.

SALEEBY *v.* BROWN.

Washington Building & Loan Association, John D. Webb, secretary, 21 December, 1921, and delivered the mortgage to me. I was vice-president of the Building & Loan Association. The mortgage of 24 June, 1919, is on business property, and the mortgage of 13 December, 1921, is on my home, a different tract of land. Not all of the indebtedness to the Building & Loan Association has been paid."

COPY OF COVER SHEET

C. M. Brown and wife

to

Washington B. & L. Assn.

Mortgage.

"Filed for registration at 2 o'clock p. m. 27 January, 1921, and registered in the office of the Register of Deeds of Beaufort County in Book 227, page 538.

$2.00                              G. RUMLEY, *Register of Deeds.*

W. L. VAUGHAN, *Attorney at Law,*
   Washington, N. C.

Paid and satisfied,

WASHINGTON BUILDING AND LOAN ASSN.
                        John D. Webb, *Secretary.*

22 December, 1921.

Placed and transferred to N. E. Saleeby, as security for loan of $3,000 and $2,000, for which he holds my note of this date.

23 December, 1921."

"C. M. BROWN,

Box 166, Washington, N. C.

I have placed with N. E. Saleeby, as collateral to secure loan, mtg. executed to Washington B. & L. Association, which is duly recorded in Book 227, page 538, in the register's office of Beaufort County.

He is to hold same to secure payment of certain notes, one for $3,000, one for $2,000, one for $216.00.

The Washington B. & L. Association has been duly satisfied as to this mortgage, and the note executed *to them* in connection with same has been canceled and destroyed.

   1 Aug., 1922.                           C. M. BROWN."

N. E. Saleeby made the following loans to C. M. Brown—checks drawn on the Bank of Washington:

| | |
|---|---:|
| December 24, 1921 | $1,000 |
| December 24, 1921 | 2,000 |
| January 10, 1922 | 1,000 |
| January 10, 1922 | 1,000 |

On 12 July, 1922, Brown gave Saleeby a note at four months, for $2,000, and on 23 June, 1922, a note at three months for $3,000.

The issue submitted and answer thereto was as follows:

"Was the mortgage from Brown and wife to the Washington Building & Loan Association and the debt secured by it paid at the time of the transfer by Brown to the plaintiff Saleeby? Answer: Yes."

The charge of the court below was as follows:

"This is an action brought by N. E. Saleeby against C. M. Brown and others, to recover the sum of $5,000, which the plaintiff Saleeby alleges is due him by Brown, and secured by a certain mortgage which has been introduced. You, gentlemen of the jury, have heard the evidence in the case, and of which you are the sole judges. You have heard the evidence for the plaintiff, and you have heard the evidence for the defendant in the case, and also you have heard the evidence for the interpleaders. The defendant, Brown, offers no testimony and files no answer or other pleading. And so, I instruct you, gentlemen of the jury, if you find the facts as claimed to be by the plaintiff, to answer the first issue 'Yes.' Following is the issue, 'Was the mortgage from Brown and wife to the Washington Building & Loan Association and the debt secured by it paid at the time of the transfer by Brown to the plaintiff, Saleeby?' And so, if you find by the greater weight of the evidence the facts as claimed to be by the witnesses for the plaintiff, I instruct you to answer the issue 'Yes.'"

The court below rendered judgment against C. M. Brown defendant, for the debt of $5,000 due plaintiff, and the mortgage made by C. M. Brown and wife to Washington Building & Loan Association, 22 June, 1919 "was fully satisfied and discharged, and that the plaintiff, Saleeby, has no right or interest in the surplus derived from the sale," etc., and the surplus distributed in accordance with priority of judgments, etc.

Numerous exceptions and assignments of error were made to the exclusion by the court below of evidence tending to contradict and vary what was written on the Building & Loan mortgage and to show an understanding and intention different from what was written on the mortgage; to refusal of certain prayers for instructions. Also that

the Bank of Washington was estopped to claim the judgments assigned to them as against plaintiff.

In the progress of the trial the plaintiff moved the court for leave to amend the complaint, if such amendment was required, to allege that the writing on the back of said paper by the secretary of the said Building & Loan Association was an error or mistake, etc. The court declined to grant this motion to amend.

The plaintiff duly assigned error and appealed to the Supreme Court.

*W. C. Rodman and Harry McMullan for plaintiff.*
*L. C. Warren, Ward & Grimes, Stewart & Bryan and Small, MacLean & Rodman for defendants.*

CLARKSON, J. From the entire record it is shown that the defendant, C. M. Brown and wife, Helen D. Brown, made and executed on or about 24 June, 1919, to secure a note of $12,500, a mortgage on certain business property to the Washington Building & Loan Association. This mortgage was not recorded until 27 January, 1921. That to satisfy the Building & Loan (a subsequent mortgage made by Brown and wife to Bragaw, trustee, having been recorded prior to the Building & Loan mortgage on the same property) Brown and wife were requested to give a first mortgage to secure the indebtedness on another piece of property. This was done and the $12,500 note and mortgage first made to the Building & Loan Association were turned over to C. M. Brown, who was vice-president of the Building & Loan Association, and on 22 December, 1921, John D. Webb, secretary of the Washington Building & Loan Association, wrote on the mortgage "paid and satisfied." This mortgage was satisfied by a new mortgage on other property, his home, made by Brown and wife. The consideration or payment of the first note and mortgage being the property of Brown and wife. On the next day, 23 December, 1921, C. M. Brown wrote on the mortgage that had been turned over to him marked "paid and satisfied" by the Building & Loan secretary, the following: "Placed and transferred to N. E. Saleeby, as security for loan of $3,000 and $2,000, for which he holds my note of this date."

It was in evidence that the $5,000 was loaned by plaintiff giving four checks totalling $5,000 to defendant Brown, on the Bank of Washington, which were duly paid. These checks were given after the transfer by Brown to Saleeby of the mortgage which had been marked "paid and satisfied," the first check of $1,000, being dated 24 December, 1921. It was in evidence that in June and July, 1922, two notes were given Saleeby by Brown totalling $5,000. It appears in evidence that on 1 August, 1922, C. M. Brown signed the statement set out in facts

of this case, which closes as follows: "The Washington Building & Loan Association has been duly satisfied as to this mortgage, and the note executed *to them* in connection with same has been canceled and destroyed."

On this admitted evidence, we think the charge of the court below correct. Brown paid the mortgage with his own property. The mortgage was by the Building & Loan Association secretary marked "paid and satisfied," and Brown himself signed the paper-writing in which he says that the Building & Loan Association has been satisfied as to the mortgage and the note "has been canceled and destroyed." *Walker v. Mebane,* 90 N. C., 259; *Smith v. Bynum,* 92 N. C., 108; *Blake v. Broughton,* 107 N. C., 220; *Hussey v. Hill,* 120 N. C., 312.

It was said in *Stevens v. Turlington,* 186 N. C., p. 194: "And, finally, when the debt is paid, the title of the mortgagee is thereby extinguished, and all his interests in the land revert immediately to the mortgagor by operation of law. *Porter v. Miller,* 9 Mass., 101."

To discharge the debt and mortgage to secure same, there is a vast difference as to who furnishes the money or property. If it is the mortgagor and the note and mortgage is surrendered and the mortgage marked "paid and satisfied" as in the present case the. debt is paid and the lien extinguished. If a third person advances the money or property, a different principle applies. The authorities, if carefully analyzed, will bear out this distinction.

In *Bank v. Bank,* 158 N. C., p. 244, it is said: "The authorities are entirely agreed, though, that where a person advances money to pay off a mortgage debt under an agreement with the owner of the equity of redemption or his representative that he shall hold the mortgage as security for his advance, but the mortgage, instead of being assigned to him, is discharged in whole or in part, he is yet entitled as against subsequent parties in interest to be subrogated to the rights of the mortgagee and to enforce the mortgage." *Davidson v. Gregory,* 132 N. C., 389; *Grantham v. Nunn,* 187 N. C., 394.

In 19 R. C. L., part sec. 229 (p. 445), the following is laid down: "There is no principle which permits a mortgagor who has paid his mortgage and taken a satisfaction, there being at the time no equitable reason for keeping it afoot, subsequently to resusitate and reissue it as security for a new loan or transaction, especially where the rights of third parties are in question, and it would make no difference whether the reissue of the mortgage was before or after the new rights and interests had intervened. It is possible that the circumstances of the reissue may be such as to furnish ground for a court of equity to intervene and compel the execution of a new mortgage, to accomplish the real purpose of the parties, and notice of such circumstances to the

10—190

subsequent grantee or mortgagee might, perhaps, under special conditions, subject his right to the prior equity. But the contention that a person having at the time notice that a mortgage had been paid by the mortgagor in usual course, can, by a verbal arrangement between himself and the mortgagor, give the extinct mortgage vitality again as security for a new loan, so as to give it priority over a subsequent conveyance or mortgage is not justified by the authorities." *Bogert v. Striker et al.,* 42 N. E. Rep. (N. Y.), 582; *Flye v. Berry,* 63 N. E. Rep. (Mass.), 1071; *Hibernia Nat. Bank v. Succession of Gragard,* 33 So. Rep. (La.), 728; *Porter v. Title Guaranty, etc. Co.,* 17 Idaho, 364.

It is said in *Wilkes v. Miller,* 156 N. C., p. 431: "The substitution of one note and mortgage for another will not discharge the lien of the original note and mortgage unless the latter is surrendered to the mortgagor, or canceled of record. It is only a renewal or acknowledgment of the same debt. *Collins v. Davis,* 132 N. C., 106; *Hyman v. Devereux,* 63 N. C., 626."

In the present case, the mortgage was not canceled of record, but it was surrendered to the mortgagor and marked "paid and satisfied." and the note also surrendered to mortgagor and "canceled and destroyed."

In *Collins v. Davis, supra,* cited by the plaintiff, *Justice H. G. Connor,* writing the opinion in that case, carefully says: "We have not overlooked the case of *Smith v. Bynum,* 92 N. C., 108. *There, the note and mortgage were surrendered to the mortgagor."* (Italics ours.)

It is well-settled doctrine that neither in law nor equity can a note and mortgage paid by the mortgagor and the mortgage marked "paid and satisfied" and both note and mortgage delivered to the mortgagor, be resusitated and revivified.

To protect plaintiff, a new note or notes secured by mortgage should have been made. The note turned over to the mortgagor and the mortgage marked "paid and satisfied" and surrendered to the mortgagor, so far as law and equity are concerned, were as dead as an Egyptian mummy.

The case of *Furniture Co. v. Potter,* 188 N. C., 145 has no application. That case discusses the doctrine of merger.

From a careful reading of the record and briefs and hearing the argument of counsel, we think that the court below made no error. The exceptions and assignments of error by the plaintiff cannot be sustained. It was in the discretion of the court below to grant or refuse an amendment to the complaint. From the facts and circumstances, we do not think the principle of estoppel applies as to the Bank of Washington.

Upon the entire record, we can find

No error.