BLUE RIDGE LAND COMPANY v. WILLIAM FLOYD.

(Filed 24 May, 1916.)

1. **Deeds and Conveyances—Color—Adverse Possession—Burden of Proof—Degree of Proof.**

The defendant in an action to recover lands, depending upon adverse possession thereof under color of title, where the plaintiff has proved a perfect chain of paper title, has the burden of proving this defense by the greater weight of the evidence, Revisal, sec. 386; and while an instruction thereon that the defendant must satisfy the jury thereof has been held sufficient, a further charge in connection therewith, that the defendant need not satisfy the jury by the greater weight of

the evidence,. is in effect a charge that the jury may be satisfied by less than the greater weight of the evidence, and constitutes reversible error.

**2. Deeds and Conveyances—Color—Adverse Possession—Constructive Possession—Outer Boundaries.**

Upon the question as to whether defendant's possession of a small strip of land beyond his own line and within that of the plaintiff was sufficient to extend his adverse possession by construction to the boundaries of his deed under which he claims as color, *Green v. Harmon*, 15 N. C., 162, is cited and aproved.

CIVIL ACTION tried before *Harding, J.,* and a jury, at May Term, 1914, of HENDERSON.

This action was brought to recover land. Plaintiffs showed a complete chain of title from the State by. grant and mesne conveyances. Defendant relied on adverse possession under color of title. The court charged the jury as follows: "If the defendant has satisfied you by the evidence in this case—he is not required to satisfy you by the greater weight of the evidence or beyond a reasonable doubt, but to satisfy you upon the evidence in this case; the burden being upon the plaintiff to satisfy you by the greater weight of the evidence of its right to recover. The burden is upon the defendant to satisfy you by the evidence—not by the greater weight, nor beyond a reasonable doubt, but to satisfy you; and if the defendant has satisfied you by the evidence in this case that George Thomas in 1872, under a deed from Solomon Jones, entered upon the land in controversy, and the deed covered the land, and that he held it in his possession openly, notoriously, adversely, and continuously for a period of seven years, then it would be your duty to answer the first issue 'No.' " The jury returned a verdict for the defendant, and plaintiff appealed from the judgment thereon. See case on former appeal, 167 N. C., 686.

*McNinch & Justice and Smith & Shipman for plaintiff.*
*Stanton & Rector and O. V. F. Blythe for defendant.*

WALKER, J. When this case was before us at a former term it appeared, as it does in this record, that plaintiff claimed under a grant and mesne conveyances which vested the title and right of possession in him. This entitled him to recover unless defendant could show that there was an outstanding paramount title or that he had in some way acquired title. He undertook to do this by showing color of title and adverse possession under it, which he says was sufficient to ripen his title. But this was an independent defense, affirmative in its nature, and imposed upon the defendant the burden of proof to establish it, and this burden required that he should satisfy the jury of the truth of his de-

fense by the greater weight of the testimony. We said, by *Justice Hoke,* in the former opinion, 167 N. C., at p. 688: "On the facts as they are now presented, in order to defeat the title vested in plaintiff company under its grant and written deeds, it was necessary for defendant to show seven years continuous possession in the assertion of ownership under the Thomas claim. The evidence, as stated, not showing or tending to show that the occupation of the third persons, other than Cook, was in any way connected with this claim, the presumption is that they held under the true title, and we are of opinion that plaintiff was entitled to the instruction prayed for by him: 'That there was no evidence that Abe Shipman or any other occupant of the Payne House, except Cook, was in possession of the land in controversy at any time, claiming the same under George Thomas.'" It will be seen, therefore, that the burden was placed upon the defendant to prove his adverse possession under color. The court charged at the last trial, and correctly, that the burden, in the first instance, was upon the plaintiff to satisfy the jury by the greater weight of the evidence that it is entitled to recover; but we are of the opinion that there was error in the other part of the charge to the effect that the defendant, who attempted to show an independent title, was not required to do so by a preponderance of the evidence. The statute, Revisal, sec. 386, places the burden upon the defendant to show his color and adverse possession, for otherwise "his occupation shall be deemed to have been under and in subordination to the legal title." *Bryan v. Spivey,* 109 N. C., 57; *Monk v. Wilmington,* 137 N. C., 322; *Bland v. Beasley,* 145 N. C., 168; *Stewart v. McCormick,* 161 N. C., 625; *Ruffin v. Overby,* 105 N. C., 78. In *Bryan v. Spivey, supra,* it is said that if the plaintiffs have shown that they had the title, the defendants aver that "they are protected by their adverse possession under color of title for seven years. This defense is an affirmative one, and the *onus probandi* is, of course, upon the defendants to establish it," citing *Ruffin v. Overby, supra.* The case of *Chaffin v. Mfg. Co.,* 135 N. C., 95, relied on by the defendant, does not sustain his position. The question there was whether the use of the word "satisfied" in an instruction that "the jury should be satisfied by the greater weight of the testimony" increased the degree of proof required by the party upon whom rested the burden. We held that it did not, and then said: "The use of the word 'satisfied' did not intensify the proof required to entitle the plaintiffs to their verdict. The weight of the evidence must be with the party who has the burden of proof, or else he cannot succeed. But surely the jury must be satisfied, or, in other words, be able to reach a decision or conclusion from the evidence and in favor of the plaintiff which will be satisfactory to themselves. In order to produce this result, or to carry such conviction to the minds of the jury

as is satisfactory to them, the plaintiffs' proof need not be more than a bare preponderance; but it must not be less. The charge, as we construe it, required only that plaintiffs should prove their case by the greater weight of the evidence"; and the other cases cited by defendant support this view. *Fraley v. Fraley,* 150 N. C., 504; *S. v. McDonald,* 152 N. C., 807. But in this case the court not improperly used the word "satisfy" in charging upon the burden ōf proof and weight of the evidence, but the error consists in excluding the idea that the defendant must prove his color and adverse possession by a preponderance of the evidence. There must at least be a preponderance, whether the word "satisfied" is used or not. The instruction given in this case was that the jury must be satisfied, but not by a preponderance of the evidence, which was erroneous. The instruction was equivalent to saying that though the jury must be satisfied, it may be done by less than the greater weight of the evidence. The authorities show that this is not the correct rule. This case is not like *Winslow v. Hardwood Co.,* 147 N. C., 275, and that class of decisions, where there was no separate and distinct affirmative defense pleaded, as insanity, infancy, coverture, and the like, but only a denial of plaintiffs' cause of action.

Plaintiff contends that the evidence shows that defendant occupied only a small strip of the land just across the line, and that possession of this small piece was not sufficient to extend the adverse possession by construction to the boundaries of the deed, which defendant claims as color of title.

This question was discussed by *Chief Justice Ruffin* in *Green v. Harman,* 15 N. C., at p. 162, where he said: "The operation of the statute of limitations depends upon two things: The one is possession continued for seven years, and the other the character of that possession—that it should be adverse. It has never been held that the owner should actually know of the fact of possession, nor have actual knowledge of the nature or extent of the possessor's claim. It is presumed, indeed, that he will acquire the knowledge, and it is intended that he should. Hence, nothing will bar him short of occupation, which is a thing notorious in its very nature, and that must be continued seven years in order to afford him, not that time to bring suit for redress of a known injury, but full opportunity to discover the wrong. To the extent of the occupation there is, *prima facie,* no hardship in holding that it is on a claim of title and adverse, and that the owner knew of it. Every man must be considered cognizant of his own title, the boundaries of his land, and of all possessions on it, either by himself or others. Ordinarily, possession taken by one of another's land is of a part sufficient in quantity or value to show to the jury that the possession was taken adversely, and also to afford unequivocal evidence to the

other claimant of that intention. And as far as the actual occupation goes, it seems to furnish such evidence in almost all cases. If, indeed, two persons own adjoining lands, and one runs a fence so near the line as to induce the jury to believe that any slight encroachments were inadvertently made, and that it was the design to run on the line, the possession constituted by the inclosure might be regarded as permissive, and could not be treated as adverse, even for the land within the fence, except as it furnished evidence of the line in a case of disputed boundary. The line being admitted, it would not make a title, where a naked adverse possession will have that effect, because there was no intention to go beyond his deed, but an intention to keep within it, which by a mere mistake he has happened not to do." We followed this view of the law in *Currie v. Gilchrist,* 147 N. C., 648.

We have no doubt that at the next trial proper instructions will be given to the jury upon this matter, and according to the phase of the evidence then presented, so that the jury may determine whether the defendant has had adverse possession as the law defines it, under color of title for the requisite time.

For the error as to the degree of proof the defendant should adduce, another trial must be had.

New trial.