LOUISA WARREN CROOK v. L. B. WARREN, BY HIS GUARDIAN AD LITEM, PAUL WARREN, AND INTERNATIONAL HARVESTER COMPANY OF AMERICA, A CORPORATION.

(Filed 22 September, 1937.)

1. **Mortgages § 30b—**

An outstanding indebtedness is essential to support a trustee's deed, and where the note is paid in full prior to foreclosure, the trustee's deed conveys no title to the purchaser.

2. **Mortgages § 39e—Admission that purchaser obtained title precludes action for damages on ground that note was fully paid at time of sale.**

Where the trustor seeks to recover damages from the trustee and *cestui que trust* on the ground of wrongful foreclosure for that the note was fully paid at the time of the sale, but admits that the purchaser at the sale, who was the transferee of the note after maturity, obtained good title, the admission constitutes an admission that there was a balance due upon the note, and that therefore the foreclosure was not wrongful, and the claim for damages for wrongful foreclosure must fail.

CROOK *v.* WARREN.

THIS is a civil action, tried before *Clements, J.,* at the July Term, 1936, of BUNCOMBE.   Affirmed.

This action was instituted by the plaintiff against the individual defendants in the general county court of Buncombe County to recover possession of a certain tract of land described in the complaint.   The plaintiff claimed title to said lands through a deed of foreclosure executed by the trustee under the power of sale contained in the deed of trust from the defendant L. B. Warren, executed in December, 1927, securing an indebtedness of $3,007.80, payable to the International Harvester Company of America.   The note secured by this deed of trust was transferred and assigned by the International Harvester Company of America to Gilbert B. Crook on 16 January, 1936, and on 2 March, 1936, Gilbert B. Crook assigned same to the plaintiff herein, long after the maturity date of said note.   The land was sold by the trustee at the request of the plaintiff and the plaintiff became the purchaser at the sale.

On motion of defendant L. B. Warren, the defendant International Harvester Company of America was made a party defendant, and the said L. B. Warren in his answer to the complaint set up a cross action, or counterclaim, against the corporate defendant, alleging that the indebtedness secured by said deed of trust had been paid and satisfied in full prior to the transfer of said note to the plaintiff; and that the sale under said deed of trust was void.   In his prayer for relief the said defendant seeks to have the sale under said deed of trust declared null and void; or, if same is not adjudged to be void, that he recover of the corporate defendant $2,500 damages.   In the general county court the motion of the defendant International Harvester Company of America to dismiss the cross action of the defendant Warren as of nonsuit was denied.   Issues were submitted to the jury and answered as follows:

"1. Is the plaintiff the owner of and entitled to the possession of the lands described in the complaint?   Answer: 'Yes.'

"2. Did the defendant L. B. Warren pay in full and satisfy the note secured by the deed of trust executed on 7 December, 1927, as alleged in the answer of said defendant?   Answer: 'Yes.'

"3. If so, what amount of damages, if any, is the said defendant L. B. Warren entitled to recover of the defendant International Harvester Company?   Answer: '$800.00.' "

On appeal to the Superior Court the trial judge sustained the exception of the Harvester Company to the refusal of the judge of the general county court to grant his motion to dismiss as of nonsuit and the defendant L. B. Warren appealed.

*M. Earle Donnahoe for defendant Warren, appellant.*
*Don C. Young for defendant Harvester Company, appellee.*

PER CURIAM. The defendant Warren's cross action against the defendant International Harvester Company of America is bottomed upon the allegation that the Harvester Company transferred and assigned said note to the plaintiff several years after the maturity date of the note with the knowledge that the said indebtedness at the time of said transfer had been paid and satisfied in full.

Upon this feature of the case the record disclosed the following pertinent entry: "At the close of the plaintiff's testimony all of the parties agreed that the first issue might be answered 'Yes,' and the court so instructed the jury and wrote in the answer 'Yes' for the jury."

It is immaterial whether we consider this as a finding of fact by the jury or as an admission by the defendant Warren. In either event it is thereby determined that at the time of the transfer of said note to the plaintiff there was still a balance due and unpaid thereon. Otherwise the foreclosure deed of the trustee would have conveyed no title to the plaintiff.

The evidence tends to show, and the defendant Warren alleges in his answer: "That the note described in the pleadings was transferred and assigned by the defendant Harvester Company to the plaintiff herein long after the maturity date of the note." When the land was sold by the trustee it was purchased by the then holder of the note, the plaintiff in this cause. Under these circumstances the plaintiff obtained only such title as the trustee was authorized to convey. *Walker v. Mebane,* 90 N. C., 259; *Saleeby v. Brown,* 190 N. C., 138. If the note was paid and satisfied in full, the trustee's deed was null and void and conveyed no right, title, or interest to the plaintiff. An outstanding indebtedness was essential to support the trustee's deed. An admission of valid title was an admission that the note was not fully satisfied. The Harvester Company, having transferred and assigned said note to the plaintiff at a time when there was a balance still due and unpaid, has committed no wrong and the defendant Warren has failed to establish any right of action against it.

There was no error in the judgment of the court below, reversing the ruling of the general county court on defendant Harvester Company's motion to dismiss defendant Warren's cross action as of nonsuit, nor in the judgment entered by the court below in accordance with its ruling.

The judgment below is

Affirmed.