## CHARLIE BARBEE v. C. C. EDWARDS.

(Filed 23 September, 1953.)

**1. Mortgages § 27—**

Payment of the debt secured by a mortgage or deed of trust prior to foreclosure extinguishes the power of sale and terminates the title of the mortgagee or trustee, and a foreclosure sale made thereafter is invalid and ineffectual to convey title to the purchaser.

**2. Same: Quieting Title § 2—**

In an action to remove cloud upon title, plaintiff's testimony that he paid the debt secured by deed of trust executed by him on the property and that defendant was claiming under *mesne* conveyances from the trustee at a foreclosure sale, *is held* sufficient to make out a *prima facie* case entitling plaintiff to go to the jury, since it is sufficient to justify, though not necessarily to impel, the inference that the debt was paid prior to the foreclosure, and therefore that the foreclosure was void.

**3. Limitation of Actions § 16—**

Ordinarily, where a statute of limitations is properly pleaded, the burden is upon plaintiff to show that he has not brought a stale claim into court.

**4. Quieting Title § 2: Adverse Possession § 17—**

Where plaintiff in an action to quiet title establishes a *prima facie* case, defendant's plea of title by adverse possession under color for seven years does not justify nonsuit of plaintiff's cause, since the plea of adverse possession raises an issue of fact for the jury upon which defendant had the burden of proof. G.S. 1-38.

**5. Quieting Title § 2: Adverse Possession § 18—**

Where plaintiff, in an action to quiet title, makes out a *prima facie* case, and defendant sets up a plea of title by adverse possession under color for seven years, plaintiff's admission that he gave a certain person possession more than seven years prior to the institution of the action does not justify nonsuit of plaintiff's cause, since mere admission of possession without evidence in respect to the nature or character of such possession does not amount to an admission of adverse possession in law, even if defendant be given the benefit of presumptions arising from *mesne* conveyances from such person.

**6. Quieting Title § 2: Mortgages § 16b—**

Where plaintiff, in an action to quiet title, establishes a *prima facie* case that the debt secured by the deed of trust executed by him on the property was fully paid prior to foreclosure and that defendant claims under *mesne* conveyances from the trustee, the action is not one to redeem the property, and G.S. 1-47 (4) and G.S. 1-56 cannot bar plaintiff's cause.

**7. Quieting Title § 2—**

In an action to quiet title under G.S. 41-10, plaintiff is not required to show that he is either in or out of possession or that defendant is in possession, but only that plaintiff has title and that defendant asserts an adverse claim, and while defendant may defend the validity of his alleged claim

on every relevant ground available in any type of action involving recovery of possession of real property, such defenses cannot change the nature of plaintiff's action or dilute the force of plaintiff's *prima facie* proofs so as to warrant nonsuit of plaintiff's cause.

**8. Trial § 22c—**

It is the function of the jury, and not the court, to dissolve discrepancies and dispose of contradictions in the evidence.

**9. Adverse Possession § 13f: Quieting Title § 2—**

Where plaintiff in an action to quiet title establishes *prima facie* that he holds the legal title, he has the benefit of the presumption created by G.S. 1-42. G.S. 1-39 and G.S. 1-42 should be construed together.

**10. Adverse Possession § 13f—**

Where plaintiff in an action to quiet title testifies that he was in possession under his deed up to a period less than twenty years from the institution of his action, his testimony shows possession within the twenty year period prescribed by G.S. 1-39, and defendant is not entitled to nonsuit upon his plea of that statute.

APPEAL by plaintiff from *Grady, Emergency Judge,* at January Term, 1953, of DURHAM.

Civil action to remove alleged cloud upon title to real estate.

The plaintiff acquired title to the land in controversy by deed of C. L. Lindsey and wife dated 1 January, 1917. The same day the deed was made, the plaintiff executed a purchase money deed of trust on the land to Mrs. C. L. Lindsey, Trustee, securing an indebtedness to C. L. Lindsey. The defendant claims title under *mesne* conveyances which connect with an alleged foreclosure of the deed of trust.

The plaintiff challenges the validity of the foreclosure and alleges that the defendant's deed based thereon and the claim made thereunder constitute a cloud upon his title. The plaintiff admits, however, that he surrendered possession of the premises in 1934 or 1935. His allegation in this respect is that "C. C. Weaver (under whom the defendant claims) did by means of duress deprive the plaintiff of his possession."

The defendant, answering, alleges: that the land was duly sold on 15 September, 1927, by Mrs. C. L. Lindsey, Trustee, under the power contained in the deed of trust and was bid in by C. L. Lindsey; that the Trustee's deed to C. L. Lindsey "was either not made upon the expiration of 10 days after said report of sale, or, if made, it was lost or mislaid or not recorded, or, if recorded, it was not properly indexed; . . ."; that thereafter C. L. Lindsey conveyed the property to C. C. Weaver and wife, Lovie C. Weaver, by deed dated 1 January, 1934; that following this, it was discovered there was no record of a trustee's deed to C. L. Lindsey and thereupon Mrs. C. L. Lindsey, Trustee, executed to C. L. Lindsey a trustee's deed pursuant to the foreclosure sale, the deed being dated 31

May, 1945; that thereafter Lovie C. Weaver conveyed the property to W. E. Hiatt, and Hiatt later conveyed to the defendant; and by reason of these conveyances the defendant asserts that his record title is valid and superior to that of the plaintiff.

The defendant also sets up and relies upon these statutes of limitation: adverse possession under color of title for seven years, G.S. 1-38; the ten-year statute barring redemption by the mortgagor where the mortgagee has been in possession, G.S. 1-47 (4); the general residuary statute of ten years, G.S. 1-56; and the statute requiring that seizin or possession be shown within twenty years before action commenced, G.S. 1-39. The defendant further pleads (1) estoppel and (2) laches of the plaintiff in bar of recovery.

The plaintiff offered evidence which may be summarized as follows:

1. Deed of C. L. Lindsey and wife to the plaintiff, dated 1 January, 1917, duly registered 21 September, 1927, conveying the land in controversy.

2. Purchase money deed of trust made by the plaintiff to Mrs. C. L. Lindsey, Trustee, securing a series of notes made by the plaintiff to C. L. Lindsey in the aggregate amount of $725.00, the last note being due and payable 1 January, 1924, registered 19 January, 1917. The recorded entry of the deed of trust (Book 80, page 337) contains a memorandum written across the face thereof as follows: "This property foreclosed & Sold to C. L. Lindsay Sept. 15, 1927. See Deed recorded in Office of Reg. of Deeds Book 159 Page 51. This 5 day of June, 1945. Mrs. C. L. Lindsay, Trustee. By M. Hugh Thompson, Atty."

3. Testimony of the plaintiff in substance that he bought the land from C. L. Lindsey in 1917 and gave him a deed of trust to secure the purchase price of $725.00. The plaintiff further testified: "I paid to Mr. Lindsey all the money that I agreed to pay on the property. . . . I stayed on this property 17 or 18 years. The last time I lived there was in 1934 or 1935. . . . I raised a crop on this farm every year I was there, . . . As to how I came to get off the land in 1934-35, I will say that a constable . . . came down there to my farm and told me and the other people living there to get off of there. . . . he didn't tell me why I was to get off. He gave me 10 days to leave and I left . . . in ten days. That was in 1934. I have not been in possession of that land since that time. Mr. Cooper (C. C.) Weaver has been in possession of it."

4. In obedience to the direction of the court, plaintiff offered in evidence the following records of deeds describing the land in question, and other documents:

(a) Deed made by C. L. Lindsey and wife, May McCauley Lindsey, to C. C. Weaver and wife, Lovie C. Weaver, dated 1 January, 1934, filed for registration 20 January, 1934, and duly recorded.

(b) Deed made by Lovie C. Weaver, widow, to W. E. Hiatt (single), dated 26 May, 1945, filed for registration 5 June, 1945, and duly recorded.

(c) Deed made by W. E. Hiatt (single) to C. C. Edwards, dated 4 April, 1952, filed for registration 4 April, 1952, and duly recorded.

(d) Record of Sale Book 2, page 122, Office Clerk of the Superior Court of Durham County, indicating that on 26 September, 1927, "Mrs. May McCauley Lindsey, Trustee," through counsel, entered with the Clerk report of a sale made by her on 15 September, 1927, under the power contained in the purchase money deed of trust made to her by the plaintiff, Charlie Barbee. The report indicates that "C. L. Lindsey became the last and highest bidder for the sum of $300.00." This report appears to have been written into the Clerk's Record of Mortgage Sales Book, kept by him under the provisions of Ch. 146, Public Laws of 1915 (codified as Section 2591 of the Consolidated Statutes of 1919, from which former G.S. 45-28 and present G.S. 45-21.26 *et seq.* derive). This record book contains no reference to any further proceedings in connection with the report of sale, and all the printed forms appearing in the Clerk's book immediately following the form used for making the report of sale, for use in case of raised bid and order of resale, confirmation, and final account of the trustee, are blank.

(e) Deed made by Mrs. C. L. Lindsey, Trustee, to C. L. Lindsey, dated 31 May, 1945, filed for registration 5 June, 1945, and duly recorded. This deed recites that it is made in execution of the power of sale contained in the deed of trust made by the plaintiff on 1 January, 1917; that on default of the indebtedness thereby secured the Trustee duly advertised and sold the land at the courthouse door in Durham County on 15 September, 1927, when and where it was bid off by C. L. Lindsey at the high bid of $300.00; that the sale was reported to the Clerk and remained open for more than ten days and no advance bid or objection was made.

This action was instituted 6 May, 1952.

From judgment of involuntary nonsuit entered at the close of the plaintiff's evidence, he appeals.

*W. J. Brogden, Jr., and Blackwell M. Brogden for plaintiff, appellant.*
*Spears & Hall for defendant, appellee.*

JOHNSON, J. The general rule is that where a mortgage or deed of trust is given to secure a specific debt, payment of the debt extinguishes the power of sale and terminates the title of the mortgagee or trustee, and all outstanding interests in the land revert immediately to the mortgagor by operation of law. *Crook v. Warren,* 212 N.C. 93, 192 S.E. 684; *Saleeby v. Brown,* 190 N.C. 138, 129 S.E. 424; *Stevens v. Turlington,*

186 N.C. 191, 119 S.E. 210; *Walker v. Mebane,* 90 N.C. 259; 59 C.J.S., Mortgages, Sec. 550, p. 887; *Id.* Sec. 453, pp. 708 and 709; 36 Am. Jur., Mortgages, Sec. 413, p. 894.

And ordinarily a sale conducted under the power after full payment of the debt is invalid and ineffectual to convey title to the purchaser. *Crook v. Warren, supra; Fleming v. Barden,* 126 N.C. 450, p. 457, 36 S.E. 17; 59 C.J.S., Mortgages, 594, p. 1024; 37 Am. Jur., Mortgages, Sec. 803; Annotations: 19 Am. St. Rep. 274; 92 *id.* 597, 598. See also *Layden v. Layden,* 228 N.C. 5, 44 S.E. 2d 340; *Oliver v. Piner,* 224 N.C. 215, 29 S.E. 2d 690.

In the case at hand the plaintiff testified: "I paid to Mr. Lindsey all the money that I agreed to pay on the property." This testimony is sufficient, when considered with the rest of the evidence in the case, to justify, though not necessarily to impel, the inference that the debt secured by the deed of trust was fully paid before, rather than after, the trustee's deed was made to Lindsey in 1945. This by virtue of the presumption, shown by human experience, that in the ordinary course of affairs a rational person does not "lock the stable door after the steed is stolen." And if the debt was so paid, it necessarily follows that the trustee's deed made to Lindsey in 1945, more than seventeen years after the alleged foreclosure sale, is void. And on the record as presented the deed to Lindsey controls the validity of the subsequent deed made by Hiatt to the defendant under the doctrine of title by estoppel. Therefore, if the trustee's deed fails, so does the defendant's. And it is to remove these two deeds and put to rest the defendant's claim made thereunder, as an alleged cloud on the plaintiff's title, that this action is brought.

It necessarily follows that the plaintiff made out a *prima facie* case entitling him to go to the jury. See *Combs v. Porter,* 231 N.C. 585, 58 S.E. 2d 100, and cases cited.

In this view of the case we do not reach for decision the question whether, conceding that the plaintiff was in default at the times when the foreclosure sale and the trustee's deed were made, his surrender of possession to Weaver tolled the statute of limitations against foreclosure so as to give legal validity to the trustee's deed made some seventeen years after the foreclosure sale. See *Ownbey v. Parkway Properties,* 222 N.C. 54, 21 S.E. 2d 900; *Crews v. Crews,* 192 N.C. 679, 135 S.E. 784; *Woodlief v. Wester,* 136 N.C. 162, 48 S.E. 578.

We have given consideration to the other pleas of limitation set up by the defendant under various statutes, but conclude that on this record none of them may be invoked at the nonsuit level to defeat the plaintiff's *prima facie* case.

In reaching this conclusion we have not overlooked the rule which obtains with us that, except when a statute is relied upon to confer title

to land where the defendant must make good his asserted title to defeat the plaintiff's title when proved (*Land Co. v. Floyd,* 171 N.C. 543, 88 S.E. 862), where the statute of limitations is properly pleaded, the burden of proof is upon the plaintiff to show that his claim is not barred. The rationale of this rule is that when the statute is pleaded, it is then incumbent upon the plaintiff to show he has not brought to court a stale claim. *Muse v. Muse,* 236 N.C. 182, 72 S.E. 2d 431; *Rankin v. Oates,* 183 N.C. 517, 112 S.E. 32; *Pinnix v. Smithdeal,* 182 N.C. 410, 109 S.E. 265; *Tillery v. Lumber Co.,* 172 N.C. 296, 90 S.E. 196.

In the light of the foregoing principles we discuss the statutes relied on by the defendant.

As to his plea of title by adverse possession under color for seven years, G.S. 1-38, it is enough to say that this plea raised an issue of fact for the jury, with the burden of the issue being on the defendant. *McCracken v. Clark,* 235 N.C. 186, 69 S.E. 2d 184; *Land Co. v. Floyd, supra.*

It may be conceded that the plaintiff's admission that he gave Weaver possession of the premises in 1934 and has been out of possession since that time amounts to substantial proof tending to support the defendant's claim of title by adverse possession. But even so, the record is silent in respect to the duration of Weaver's possession, and there is no testimony whatsoever that either the defendant or his grantor Hiatt ever had possession. Moreover, there is no evidence in respect to the nature or character of Weaver's acts of possession or user of the land. As to this, the plaintiff merely said: "I have not been in possession of that land since that time (1934). Mr. Cooper Weaver has been in possession of it." It is elemental that mere possession does not necessarily amount to adverse possession in law. *Price v. Whisnant,* 236 N.C. 381, 72 S.E. 2d 851; *Cox v. Ward,* 107 N.C. 507, 12 S.E. 379; *Williams v. Wallace,* 78 N.C. 354. Thus the record fails to show either the character of user or the duration of possession or the continuity of possession necessary to ripen title under the seven-year statute. The presumptions do not supply these deficiencies to the point of justifying affirmance of the nonsuit under application of the doctrine of harmless error on the theory that the right result was reached, as applied in *Rankin v. Oates, supra,* and cases there cited. Here the evidence is wholly inconclusive on the issue of adverse possession. See *Price v. Whisnant, supra; Newkirk v. Porter,* 237 N.C. 115, 74 S.E. 2d 235.

Next, it is noted that the defendant sets up and relies on (1) the statute limiting the period of redemption by a mortgagor to ten years where the mortgagee has been in possession, G.S. 1-47 (4), and (2) the ten-year residuary statute, G.S. 1-56, which by its terms applies only to actions for relief not specifically enumerated in other statutes of limitation. (*Woodlief v. Wester, supra,* 136 N.C. 162, 48 S.E. 578).

In the outset it is to be noted that on the record as presented the plaintiff's action is not one to redeem. Rather, it is an action to quiet title under the Jacob Battle Act. Ch. 6, P.L. 1893, now codified as G.S. 41-10. Under this Act, the plaintiff is not required to show that he is either in or out of possession. *Vick v. Winslow,* 209 N.C. 540, 183 S.E. 750; *Satterwhite v. Gallagher,* 173 N.C. 525, 92 S.E. 369. Nor is the plaintiff required to show that the defendant is an occupant or any more than a claimant of the land in controversy. *Wells v. Clayton,* 236 N.C. 102, 107, 72 S.E. 2d 16; *Duncan v. Hall,* 117 N.C. 443, 23 S.E. 362.

Here the plaintiff neither alleges nor attempts to prove that the defendant is in possession. The defendant's possession, if any there be, is left for the defendant to prove under his special pleas. The plaintiff asks nothing by way of accounting and redemption. He alleges that the adverse claim of the defendant is "based solely" upon the deed made to him by Hiatt dated 4 April, 1952, as bottomed upon the alleged activating foreclosure deed made by the trustee to C. L. Lindsey, 31 May, 1945. The gravamen of the plaintiff's cause of action is that there was no valid foreclosure of the deed of trust or effective conveyance by the trustee; that until the trustee's deed was put to record in 1945, the plaintiff held clear, unmistakable record title. He proceeds upon the theory that he was not menaced to the point of being exposed to the running of limitations (except perhaps G.S. 1-39) until the defendant's claim arose under the activating effect of the trustee's deed. He brings this action in 1952, within ten years after the execution of that deed. He does not join as defendant either Hiatt, Weaver, or Lindsey. He only sues Edwards, who purchased from Hiatt in 1952. The question of the sufficiency of the plaintiff's pleadings is not challenged. See *Wells v. Clayton, supra; Ricks v. Brooks,* 179 N.C. 204, 102 S.E. 207.

The fact that the plaintiff brings this action under the Battle Act, G.S. 41-10, deprives the defendant of no right. He has the right to defend the validity of his alleged title on every relevant ground available in any type of action involving recovery or possession of real property. However, the setting up of such defenses does not perforce change the fundamental character of the plaintiff's main action as charted by him, nor may the plaintiff's evidence which tends in part to support one or more of the defenses set up by the defendant be construed as dissolving or diluting the plaintiff's *prima facie* proofs to the point of justifying nonsuit at the close of his evidence. It is the function of the jury, and not the court, to resolve the discrepancies and dispose of the contradictions in the evidence. *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864.

As to the plea that the plaintiff has not been in possession within twenty years next prior to the commencement of the action, it may be doubted that this plea shifted to the plaintiff the burden of showing he had been

in actual possession within the statutory period. This for the reason that on showing of title under the common source deed from Lindsey to him in 1917, followed by *prima facie* proof that the foreclosure deed is void because of prior payment of the debt secured by the deed of trust, he had the benefit of the presumption created by G.S. 1-42, under which one who establishes legal title to the *locus in quo* is presumed to have been possessed thereof within the twenty-year period limited by G.S. 1-39. The two statutes, G.S. 1-39 and G.S. 1-42, are construed together. *Conkey v. Lumber Co.,* 126 N.C. 499, 36 S.E. 42. But be this as it may, the record indicates that the plaintiff met all the requirements of G.S. 1-39 when he offered the deed made to him by Lindsey in 1917 and testified he held under it and farmed the land from year to year until 1934 or 1935. The action was brought in 1952. Hence he has shown possession within the twenty-year period limited by G.S. 1-39. *Conkey v. Lumber Co., supra.*

In this state of the record, for the reasons given, the plaintiff's action survives the motion for nonsuit when tested by the various statutes of limitation set up and relied on by the defendant.

And it is manifest from what we have said that the pleas of estoppel and laches are unavailing to justify the nonsuit below.

We make no intimation respecting the ultimate merits of the case. But upon the record as presented, with the defendant's defenses undeveloped and in repose, it appears that the plaintiff has made out a *prima facie* case. The judgment below is

Reversed.