CAROLINA COOLING & HEATING, INC., PLAINTIFF, AND STATE OF NORTH CAROLINA, EX REL. I. L. CLAYTON, COMMISSIONER OF REVENUE, INTERVENING PLAINTIFF, v. CHARLES F. BLACKBURN, TRUSTEE; CITIZENS BANK & TRUST COMPANY, NOTEHOLDER; THEODORE A. GRANGER, TRUSTEE FOR ASCO-ASSOCIATED COMPANIES; THEODORE A. GRANGER, T/A ASCO-ASSOCIATED COMPANIES, AND ELIZABETH T. GRANGER, DEFENDANTS.

(Filed 4 May, 1966.)

1. **Mortgages and Deeds of Trust § 19—**

   Payment of a note secured by a deed of trust extinguishes the right of the trustee to foreclose the instrument.

2. **Mortgages and Deeds of Trust § 20—**

   A judgment creditor, as well as a junior mortgagee, is entitled to enjoin foreclosure of a prior deed of trust when there is a *bona fide* controversy as to whether the note secured by the prior deed of trust had been paid and the power of the trustee to sell thereby divested.

3. **Mortgages and Deeds of Trust § 19—**

   Allegations to the effect that the building on the property subject to the deed of trust had been destroyed and that the trustee had received the proceeds of insurance policies exceeding the amount of the note secured, are sufficient to state a cause of action to restrain foreclosure of the deed of trust, and the dissolution of the temporary restraining order issued in the cause prior to the filing of answer is error; the temporary restraining order should be continued to the hearing for the determination of the controversy upon the merits.

4. **Injunctions § 13—**

   Where plaintiffs' allegations are sufficient to make out its primary equity, the temporary restraining order issued in the cause should not be dissolved upon affidavits prior to the filing of answer, but the order should be continued for determination of the controversy upon the merits.

MOORE, J., not sitting.

APPEAL by plaintiffs from judgment entered by *Hobgood, J.,* in Chambers, VANCE County Superior Court, on October 30, 1965, dissolving a temporary order restraining a trustee's sale under a deed of trust executed by the defendant, Theodore A. Granger, Trustee for Asco-Associated Companies, Theodore A. Granger, individually, and his wife, Elizabeth T. Granger, to Charles F. Blackburn, Trustee. The deed of trust was executed May 15, 1959, and conveyed to the trustee a specifically described tract of land in Vance County to secure a note in the sum of $50,000.00, payable to bearer but held by Citizens Bank & Trust Company and due May 15, 1960.

The plaintiffs alleged that the trustors began the erection of a large manufacturing plant on the described land. In connection with the construction of the building, Theodore A. Granger, trading as

Asco-Associated Companies, and individually, purchased through the insurance department of Citizens six policies of insurance of the face value of $190,000.00. Three of the policies in the sum of $90,-000.00 provided builder's risk coverage, including loss by windstorm, payable to the insured or Citizens "as interest may appear." The other policies in the sum of $100,000.00 contained union mortgage clauses payable to Citizens as mortgagee . . . "as their respective interests may appear."

On February 13, 1960, the building then under construction was destroyed by windstorm. Theodore A. Granger, Trustee, and individually, and Citizens Bank & Trust Company instituted civil actions against the six insurance companies and obtained judgments against them for a total of $160,863.00.

On November 29, 1961, the Carolina Cooling & Heating, Inc., (the original plaintiff) obtained a judgment against Theodore A. Granger in the sum of $3,184.27 (apparently for fixtures in the plant). The lien of the judgment attached to Granger's equity in the land but did not attach to the proceeds of the insurance policies.

The State of North Carolina was permitted to intervene as an additional party plaintiff. The State alleged it has a judgment for $599.14, docketed on February 14, 1961, against Theodore A. Granger which is a lien upon his equity in the land covered by the deed of trust but is not a lien upon the proceeds of the insurance policies. Other than his equity, Granger has no other real estate or property out of which either party may obtain satisfaction of its judgment.

The plaintiffs further alleged that the Citizens Bank & Trust Company received from the proceeds of the insurance policies funds in excess of the amount owing on said note and deed of trust and that in fact the deed of trust and the note secured thereby were paid and satisfied. The trustee, therefore, has no right to offer the lands for sale; that Granger is insolvent and the sale of the land under the deed of trust will defeat the collection of plaintiffs' judgments, leaving them without adequate remedy at law. The plaintiffs alleged that Asco-Associated Companies is in fact Theodore A. Granger.

The defendants, without filing answer, moved upon the basis of affidavits for judgment dissolving the restraining order. The court stated its conclusions that the motion to dismiss should be allowed. The court's order provided, however, if the plaintiff elects to appeal, the restraining order shall be continued until there is a final decision by the Supreme Court. The plaintiffs excepted and appealed.

*Zollicoffer and Zollicoffer for Carolina Cooling & Heating, Inc.,
plaintiff appellant.*

*Perry, Kittrell, Blackburn & Blackburn by Robert G. Kittrell,
Jr., Bennett H. Perry, Jr., for defendant Citizens Bank & Trust
Company and Charles F. Blackburn, Trustee, appellees.*

HIGGINS, J.  The plaintiffs' allegations by verified complaint are
not denied by answer. The challenge is by motion to dissolve the re-
straining order. The procedure on the part of the defendants is
equivalent to a demurrer based on the legal grounds stated in the
motion, supplemented by the affidavits. In substance the allega-
tions in the complaints are that the note for $50,000.00 secured by
the deed of trust has been paid in full. Consequently, the payment
of this note extinguishes the power of the trustee to sell the land,
and entitles the mortgagor to cancellation. The payment of the note
in full divests the trustee of all authority to foreclose. *Dobias v.
White,* 240 N.C. 680, 83 S.E. 2d 785; *Barbee v. Edwards,* 238 N.C.
215, 77 S. E. 2d 646; *Fleming v. Land Bank,* 215 N.C. 414, 2 S.E. 2d
3; *Crook v. Warren,* 212 N.C. 93, 192 S.E. 684.

In *Pinnix v. Casualty Company,* 214 N.C. 760, 200 S.E. 874,
this Court said: "The right of a junior mortgagee to resort to in-
junction to stay a foreclosure proceeding under a senior mortgage
having a lien upon the same land, until a *bona fide* controversy as
to the amount due on the senior mortgage has been ascertained, is
not questioned." Whether the junior lien is by another mortgage,
deed of trust, or by docketed judgment, would appear to be without
significance.

The plaintiffs' complaints allege sufficient facts to entitle them
to restrain the proposed sale and give them the opportunity to
establish their allegations that the $50,000.00 note has been paid.
The allegations furnish solid foundation upon which to base an
order continuing the restraint until the defendants at least place
them at issue by answer. "It is generally proper, when the parties
are *at issue* concerning the legal or equitable right, to. grant an in-
terlocutory injunction to preserve the right *in statu quo* until the
determination of the controversy, and especially is this the rule
when . . . dissolution . . . or the refusal . . . will virtually
decide the case upon its merits and deprive the plaintiff of all . . .
relief, even though he should be afterwards able to show ever so
good a case." *Delmar Studios v. Goldston,* 249 N.C. 117, 105 S.E.
2d 277; *Roberts v. Cameron,* 245 N.C. 373, 95 S.E. 2d 899.

The record now before us discloses that the Superior Court com-
mitted error in determining that the restraining order should be dis-

solved. The cause is remanded with direction to continue the restraint until the cause may be heard on the merits. The defendants will be entitled to a reasonable time in which to file answer.

Reversed.

MOORE, J., not sitting.