AUSTIN A. KYLES AND WIFE, BLANCHE O. KYLES, AND OSCAR O. KYLES AND WIFE, BONNIE J. KYLES v. SOUTHERN HOLDING CORPORATION; HOME SECURITY CORPORATION; J. H. GATES AND WIFE, AGNES GATES, AND MARTIN L. CROMARTIE, JR., SUBSTITUTE TRUSTEE FOR BRAXTON SCHELL, TRUSTEE

No. 6914SC206

(Filed 23 July 1969)

1. **Mortgages and Deeds of Trust § 17— payment of debt secured by deed of trust**

    Payment of the debt secured by a mortgage or deed of trust extinguishes the power of sale and terminates the title of the mortgagee or trustee, and a foreclosure sale conducted thereafter is invalid and ineffectual to convey title to the purchaser.

2. **Mortgages and Deeds of Trust § 40— action to set aside foreclosure — payment of debt — nonsuit**

    In an action to set aside a deed of trust foreclosure and certain deeds executed pursuant thereto, plaintiff's evidence is sufficient to justify the inference that the debt secured by the deed of trust was paid prior to commencement of the foreclosure proceedings, and trial court erred in entering judgment of involuntary nonsuit.

APPEAL by plaintiffs from *Ragsdale, S.J.,* at the January 1969 Civil Session of DURHAM Superior Court.

This is an action to set aside a deed of trust foreclosure and certain deeds executed pursuant thereto. The plaintiffs filed their complaint 3 July 1968 and set out the following facts, admitted by the defendants: On 20 December 1956, plaintiffs Oscar Kyles (Oscar) and wife purchased the property in question from C. C. Edwards and wife and W. W. Edwards and wife. On 22 March 1960, Oscar

and wife executed a deed of trust on the property to Braxton Schell, trustee for Wise Homes, Inc. This was recorded 12 April 1960 and secured an indebtedness of $3,103.20. On 29 August 1962, Wise Homes, Inc., executed an assignment of the note and deed of trust to James Talcott, Inc. This assignment was recorded 31 October 1962. James Talcott, Inc., executed a written assignment of the note and deed of trust to Southern Holding Corporation (Southern) dated 30 September 1966, recorded 22 November 1966, and on said latter date Martin Cromartie, Jr., (Cromartie) was appointed substitute trustee. The property was advertised for sale by Cromartie in a Durham newspaper on 28 November, 5 December, 12 December, and 19 December 1966 and was sold 22 December 1966 for $400.00 to Southern. The trustee's deed to Southern was recorded 13 January 1967. On 20 November 1967, Southern purported to convey the property to Home Security Corporation (Home Security) by quitclaim deed recorded 31 May 1968.

The plaintiffs also alleged, not admitted by the defendants, that Oscar and wife deeded the property to Austin A. Kyles (Austin) and wife for a valuable consideration on 25 May 1965. This deed was recorded 24 March 1967. They alleged payment of the indebtedness in full prior to the date of the foreclosure, that they had no actual notice of the foreclosure, and that the foreclosure proceeding was irregular and void.

The record shows no answer by Southern. Home Security and Cromartie answered denying payment of the obligation or any irregularity in the foreclosure proceedings.

At the trial, plaintiffs introduced evidence in substantial support of their allegations. Defendants' motion for nonsuit as to Home Security was granted at the close of plaintiffs' evidence, and a mistrial was declared as to the remaining defendants. Plaintiffs appealed.

*Brooks & Brooks by Eugene C. Brooks, III, for plaintiff appellants.*

*Newsom, Graham, Strayhorn & Hedrick by E. C. Bryson, Jr., for defendant-appellee Home Security Corporation.*

BRITT, J.

When liberally construed in favor of plaintiffs as required by G.S. 1-151 and cases decided thereunder, the complaint alleges that plaintiffs Austin and wife are the owners of the subject property and the deed of trust foreclosure proceedings conducted by Cromartie,

substitute trustee, were void for the reason that the indebtedness secured by the deed of trust had been fully paid prior to the commencement of said proceedings. The complaint was also sufficient to ask (1) that the foreclosure sale be declared void, (2) that the deed from the substitute trustee to Southern be cancelled of record, and (3) that the quitclaim deed from Southern to Home Security be cancelled of record.

[1]  In *Barbee v. Edwards*, 238 N.C. 215, 77 S.E. 2d 646, in an opinion by Johnson, J., it is said:

"The general rule is that where a mortgage or deed of trust is given to secure a specific debt, payment of the debt extinguishes the power of sale and terminates the title of the mortgagee or trustee, and all outstanding interests in the land revert immediately to the mortgagor by operation of law. *Crook v. Warren,* 212 N.C. 93, 192 S.E. 684; *Saleeby v. Brown,* 190 N.C. 138, 129 S.E. 424; *Stevens v. Turlington,* 186 N.C. 191, 119 S.E. 210; *Walker v. Mebane,* 90 N.C. 259; 59 C.J.S., Mortgages, Sec. 550, p. 887, *Id.* Sec. 453, pp. 708 and 709; 36 Am. Jur., Mortgages, Sec. 413, p. 894.

And ordinarily a sale conducted under the power after full payment of the debt is invalid and ineffectual to convey title to the purchaser. *Crook v. Warren, supra; Fleming v. Barden,* 126 N.C. 450, p. 457, 36 S.E. 17; 59 C.J.S., Mortgages, 594, p. 1024; 37 Am. Jur., Mortgages, Sec. 803; Annotations: 19 Am. St. Rep. 274; 92 *Id.* 597, 598. See also *Layden v. Layden,* 228 N.C. 5, 44 S.E. 2d 340; *Oliver v. Piner,* 224 N.C. 215, 29 S.E. 2d 690.

In the case at hand the plaintiff testified: 'I paid to Mr. Lindsey all the money that I agreed to pay on the property.' This testimony is sufficient, when considered with the rest of the evidence in the case, to justify, though not necessarily to impel, the inference that the debt secured by the deed of trust was fully paid before, rather than after, the trustee's deed was made to Lindsey in 1945. This by virtue of the presumption, shown by human experience, that in the ordinary course of affairs a rational person does not 'lock the stable door after the steed is stolen.' And if the debt was so paid, it necessarily follows that the trustee's deed made to Lindsey in 1945, more than seventeen years after the alleged foreclosure sale, is void. And on the record as presented the deed to Lindsey controls the validity of the subsequent deed made by Hiatt to the defendant under the doctrine of title by estoppel. Therefore, if the trustee's deed fails, so does the defendant's. And it is to remove these

two deeds and put to rest the defendant's claim made thereunder, as an alleged cloud on the plaintiff's title, that this action is brought.

It necessarily follows that the plaintiff made out a *prima facie* case entitling him to go to the jury. See *Combs v. Porter*, 231 N.C. 585, 58 S.E. 2d 100, and cases cited."

[2] In the case before us, the plaintiffs' evidence when viewed most favorable to them tended to show: The deed of trust secured an indebtedness of $3,103.20, payable in monthly installments of $43.10, beginning 1 June 1960, with interest from maturity. (This would be seventy-two payments of $43.10 each, with final payment being due in May or June of 1966.) Oscar made the payments until he "turned the property over" to Austin, at which time the balance due was approximately $750.00. Austin assumed responsibility for making the payments "sometime" before Oscar gave him a deed; the deed was dated 25 May 1965. Austin's wife, Blanche, paid Southern $86.20 on 21 December 1964, $86.20 on 17 February 1965, and $43.10 on 20 April 1965; on 8 October 1965, Austin paid Southern $300.00. These payments were verified by cancelled checks. Thereafter, Austin determined from the payment book that he owed a balance of $260.00 and he sent a check for that amount to Southern. This cancelled check was destroyed by a fire which Austin had in his office. Southern was the record holder of the deed of trust at the time of the foreclosure proceedings, which proceedings were instituted at Southern's request.

As was said in *Barbee v. Edwards, supra,* the summarized testimony, when considered with the other evidence in this case, was sufficient to justify, though not necessarily to impel, the inference that the debt secured by the deed of trust was paid before the foreclosure proceedings were commenced in November 1966. If the debt was so paid, the trustee's deed to Southern was void and the deed from Southern to Home Security was void.

Plaintiffs presented a case for the jury, and the court erred in entering judgment of involuntary nonsuit and dismissing the action as to Home Security.

Reversed.

MALLARD, C.J., and PARKER, J., concur.